**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

JEFFREY BERGAU and MELISSA NORROD,

Plaintiffs, 1:26-cv-1603 (BKS/CBF)

v.

CHARLES WHITTINGHAM and JULIE MOSES-WHITTINGHAM f/k/a JULIE MOSES,

Defendants.

---

**Appearances:**

*For Plaintiff:*
Javier J. Mendez, Esq.
Paul A. Levine, Esq.
Lemery Greisler LLC
677 Broadway, 8th Floor
Albany, New York, 12207

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**ORDER TO SHOW CAUSE**

Plaintiffs Jeffrey Bergau and Melissa Norrod filed this action alleging various claims under New York law against Defendants Charles Whittingham and Julie Moses-Whittingham. (Dkt. No. 1). Plaintiffs assert that this Court has subject-matter jurisdiction over Plaintiffs' claims under the diversity jurisdiction statute, 28 U.S.C. § 1332, which grants the federal courts jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the suit is between "citizens of different States" or "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(1)–(2); *see also Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117–18 (2d Cir. 2014) (stating that Section 1332 "requires 'complete

diversity,' *i.e.* all plaintiffs must be citizens of states diverse from those of all defendants" (quoting *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005))).

"[I]n our federal system of limited jurisdiction . . . the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *United Food & Com. Workers Union v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (internal quotation marks and citation omitted); *see Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009) ("'It is a fundamental precept that federal courts are courts of limited jurisdiction' and lack the power to disregard such limits as have been imposed by the Constitution or Congress." (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978))). "[A] plaintiff premising federal jurisdiction on diversity of citizenship is required to include in its complaint adequate allegations to show that the district court has subject matter jurisdiction." *Durant*, 565 F.3d at 64 (citing Fed. R. Civ. P. 8(a)(1)).

The Complaint asserts that the jurisdictional amount is met here and that "[t]his court has diversity subject-matter jurisdiction under 28 U.S.C. § 1332(a) because Plaintiffs are citizens of Illinois and, upon information and belief, Defendants Charles Whittingham and Julie Moses-Whittingham," who were previously residents of New York, are now "residents of Greece." (Dkt. No. 1, ¶¶ 8–11). However, "United States citizens who are domiciled abroad are neither citizens of any state of the United States nor citizens or subjects of a foreign state, and § 1332(a) does not provide that the courts have jurisdiction over a suit to which such persons are parties." *Force v. Facebook, Inc.*, 934 F.3d 53, 74 (2d Cir. 2019) (quoting *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 68 (2d Cir. 1990)); *see also Haggerty v. Pratt Inst.*, 372 F. Supp. 760, 761–62 (E.D.N.Y. 1974) (noting the "anomaly that a plaintiff, having lost his state citizenship by

acquiring a foreign domicile but not foreign citizenship, has lost his right to sue on diversity grounds under § 1332(a)(1) in addition to his failure to acquire § 1332(a)(2) rights").

Here, the Complaint fails to allege Defendants' country or countries of citizenship and asserts only that the Defendants previously resided in New York and are now domiciled in Greece. (Dkt. No. 1, ¶¶ 8–10). Thus, without more, the allegations that Defendants are domiciled in a foreign country are insufficient to show diversity jurisdiction. *Cf. Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828–29 (1989) (noting that Section 1332(a)(2), which confers jurisdiction "when a citizen of a State sues aliens only," "could not be satisfied" because the defendant, although domiciled in Venezuela, was a United States citizen).

Accordingly, it is

**ORDERED** that if Plaintiffs maintain that there is complete diversity between the parties, it shall submit a memorandum not to exceed five pages by September 18, 2026, showing cause why this action should not be dismissed for lack of subject matter jurisdiction; and it is further

**ORDERED** that Defendants may respond to Plaintiffs' submission, with a memorandum not to exceed five pages, on or before September 25, 2026.

**IT IS SO ORDERED.**

Dated: August 28, 2026
Syracuse, NY

Brenda K. Sannes
Brenda K. Sannes
Chief U.S. District Judge